UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br><br>                        Plaintiff,<br><br>        v.<br><br>INFORMATION TECHNOLOGY PARTNERS, INC., *et al.*,<br><br>                        Defendants. | Case No. 2:25-cv-09312-FLA (AJRx)<br><br>**CONSENT JUDGMENT AND ORDER** |

1

Plaintiff Lori Chavez-DeRemer, Secretary of the United States Department of Labor ("Secretary"), and Defendant Christian Thompson ("Defendant"), with the Secretary (collectively, the "Parties") each consents to the entry of this Consent Judgment as the sole and complete memorialization of the terms of their agreement to resolve this action.

## STATEMENTS AND AGREEMENTS BETWEEN THE PARTIES

A. This action was filed by the Secretary pursuant to her authority under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. as amended.

B. On September 29, 2025, the Secretary filed her Complaint which alleges seven claims pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.

C. Defendant admits that the court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), that the court has jurisdiction over her, and that venue lies in the Central District of California pursuant to ERISA § 1132(e)(2). Defendant makes no other admissions.

D. Defendant waives filing an Answer and further waives any affirmative defense, counterclaim, or third-party complaint, or any other defenses that she may have in this case.

E. The Secretary is required by statute, to assess a 20% civil penalty on amounts recovered under a settlement agreement or court order ("Applicable Recovery Amount"), pursuant to ERISA § 502(l), 29 U.S.C. § 1132(l). For the purposes of the assessment of such civil penalty, the parties agree that the Applicable Recovery Amount in relation to Defendant is $351,437.78. The Secretary hereby issues an assessment, under ERISA section 502(l), of 20% of the Applicable Recovery Amount. However, the Secretary accepts $35,143.78 (10% of the

2

Applicable Recovery Amount) as full satisfaction of that assessment. Defendant waives notice of assessment and the service requirements of 29 C.F.R. § 2570.83. Defendant waives any rights she may have to challenge, contest, appeal, or pursue any process or action to challenge or set aside the penalty as well as any right she may claim to seek any further reductions in the penalty.

F.   The Parties agree to resolve this action on the terms and conditions hereafter set forth and stipulate and agree to the entry of this Consent Judgment as a full and complete resolution of all claims in the Complaint.

NOW THEREFORE, in consideration of the mutual covenants set forth in this Consent Judgment and other valuable and sufficient consideration, the Parties have agreed as herein stated. Accordingly, it is ORDERED, ADJUDGED AND DECREED that:

## I.   PERMANENT INJUNCTION

A.   Defendant is permanently enjoined from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191(c).

B.   Defendant is enjoined and restrained from future services as a fiduciary, trustee, or the handling of plan assets of any ERISA-covered employee benefit plan, except as expressly stated in this paragraph. This prohibition does not prohibit Defendant from engaging in any financial, professional, advisory or managerial activities that do not specifically relate to an ERISA-covered employee benefit plan and fiduciary functions regulated under ERISA. Further, such restriction shall not limit the Defendant's standing, qualification or authority in any non-ERISA capacity. The limitations imposed on Defendant shall remain in force for 2 years from the date this Consent Judgment is entered by the court, at which time they shall lapse.

C.  Defendant shall immediately take all actions within her capacity required to facilitate the assignment of Defendant Michael Thompson's vested 401(k) account balance as awarded to her in the June 16, 2025 Qualified Domestic Relations Order ("QDRO") issued in Case 24STFL02474 by the Superior Court of California, County of Los Angeles Central District, and that such balance shall be used to pay the 401(k) Plan as required in this Consent Judgment. The offset described in Section I. D. of this Consent Judgment shall be first taken from Michael Thompson's account balance awarded to her through the QDRO, and then from, what was prior to the QDRO, Defendant's individual account balance. However, this order of operations is subordinate to the 401(k) Plan being paid in full and the Independent Fiduciary determining an offset in this manner is both feasible and in the best interest of the 401(k) Plan's participants and beneficiaries.

D.  Pursuant to ERISA § 206, 29 U.S.C. § 1056(d)(4), Defendant's 401(k) Plan account balance shall be offset by the amount she must pay the 401(k) Plan, which is $351,437 ($273,591.63 for 401(k) contributions, lost opportunity cost of $73,371.15, and 50% of the total Independent Fiduciary Fee for the 401(k) Plan in the amount of $4,475.00).

E.  The 401(k) Plan shall be deemed fully qualified under the Internal Revenue Code and under ERISA for the purposes of distributing the restored losses plus interest at the rate prescribed by 28 U.S.C. § 1961 to be paid by Defendant under the terms of this Consent Judgment.

## II.   JUDGMENT

JUDGMENT IS HEREBY ENTERED, pursuant to Section 409 of the Employee Retirement Income Security Act, 29 U.S.C. § 1109, in favor of Plaintiff Secretary of Labor and against Defendant Christian Thompson, in the total amount of $351,437,78 ("Judgment Amount"), which is the sum of $273,591.63 representing

4

401(k) contributions, lost opportunity cost of $73,371.15, and 50% of the total Independent Fiduciary Fee for the 401(k) Plan in the amount of $4,475.00.

A. Within thirty (30) days of the court's entry of this Consent Judgment, Defendant shall execute all documentation and take all actions within her capacity required by the Plan and its Independent Fiduciary to permit the transfer of the Judgment Amount within the Information Technology Partners, Inc. 401(k) Plan to resolve the Secretary's Complaint in this action through the offset described in Section I.D. Defendant shall be excluded from the allocation of any Judgment Amount monies. This payment shall not be offset by any payments from the other defendants, or any other party.

B. Defendant shall execute all documentation which permits the Secretary to request proof of payment of the Judgment Amount from the Plan's recordkeeper or Trustee. Defendant does not have access to Plan records, assets or any other documentation to demonstrate proof of the allocation within the Plan. Defendant shall cooperate to the extent necessary to sign and authorize the release of any documentation or other actions within her capacity to provide proof of the payment to the affected participants within the 401(k) Plan in the amount of $346,962.78. The amount of $4,475.00 for the Independent Fiduciary shall be transferred to the Plan's custodian TransAmerica to be used to pay the Independent Fiduciary. Any documentation provided under this paragraph shall be sent to the Secretary's representative at the following address:

Robert Prunty Acting Regional Director- Los Angeles

Employee Benefits Security Administration

U.S. Department of Labor

35 N Lake Ave, Suite 300

Pasadena, CA 91101

The Secretary shall notify Defendant of her receipt of satisfactory proof.

C.   Within 30 days of the court's entry of this Consent Judgment, Defendant shall pay the civil penalty of $35,143.78 to the U.S. Department of Labor online by ACH transfer, credit card, debit card, or digital wallet by going to https://www.pay.gov/public/form/start/1063197296 or by going to www.pay.gov and searching Debt Collection EBSA-ERISA Civil Penalty. Use EBSA Case No. 72-038331(48) when prompted.

D.   Defendant's failure to comply with Sections II.A and II.C shall result in the accrual of interest on the amounts due at the rate set forth in 26 U.S.C. § 6621 from the date due until such time as the payments are made in full. However, to the extent Defendant takes all steps necessary to comply, and any delay in making payment is outside of her control, no interest shall accrue with regard to the amounts described in Paragraph B above.

### III.   OTHER PROVISIONS

A.   This Consent Judgment provides full, final, and complete judicial resolution of the claims in the Secretary's Complaint as to this Defendant only. Notwithstanding the foregoing, nothing in this Consent Judgment shall be deemed to waive any claim by the Secretary as to any other Defendants. Further, notwithstanding the foregoing, nothing in this Consent Judgment shall be deemed to waive any claim by the Secretary relating to the obligations set forth in this Consent Judgment.

B.   Defendant and her agents, representatives, assigns, predecessors and successors in interest, do hereby release the Secretary and her officers, agents, attorneys, employees, and representatives, both in their individual and governmental capacities, from all actions, claims and demands of whatsoever nature, including those arising under the Equal Access to Justice Act or any statute, rule, or regulation, that relate in any manner to

6

the investigations, filing, prosecution, and maintenance of this action, and any other proceedings related to this action.

C.   The Secretary's claims against any other persons are expressly reserved. Other than resolving the claims in this matter, as set forth in Section I and II above, nothing in this Consent Judgment shall preclude the Secretary from pursuing the claims in the complaint against other defendants in this action or (a) filing any amicus brief in any case; (b) asserting any claim or filing any documents in any bankruptcy case; (c) seeking immediate or ex parte injunctive relief in conjunction with the 401(k) Plan, if deemed necessary by the Secretary in her sole discretion; (d) instituting any criminal proceeding; (e) initiating or continuing any audit or investigation the ongoing administration of the 401(k) Plan, or (f) the termination of the 401(k) Plan. Furthermore, nothing in this Consent Judgment shall preclude the Secretary from pursuing any claims or actions against any entities or persons relating to any other ERISA-covered plan.

D.   The Parties each acknowledge that its representations are material factors in the other Party's decision to enter into this Consent Judgment.

E.   This court shall retain jurisdiction over the Parties and subject matter of this action for the purposes of enforcing and/or interpreting the terms of this Consent Judgment.

F.   The Parties each shall bear their own costs, expenses, and attorneys' fees in connection with this action and this Consent Judgment.

G.   By entering into this Consent Judgment, the Parties hereto represent that they have been informed by counsel of the effect and purpose of this Consent Judgment and agree to be bound by its terms. Any attorney signing expressly represents that he or she is authorized to execute this Consent Judgment on behalf of the Party represented and that the

7

attorney has fully disclosed any conflicts of interest relating to his or her representation for purposes of executing this Consent Judgment. This Consent Judgment is not binding on any governmental agency other than the Employee Benefits Security Administration of the United States Department of Labor.

H. This Consent Judgment may be executed in counterparts, each of which shall be deemed to be an original, but all of which, taken together, shall constitute one and the same instrument. The date of execution of this Consent Judgement is the date on which it is signed by the court.

## IV.   ENTRY OF JUDGMENT

The court finds that there is no just reason to delay the entry of this Consent Judgment and expressly directs the entry thereof as a final Order and Judgment against Defendant Christian Thompson.

IT IS SO ORDERED.


Dated: February 3, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

8